UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:21-cr-00193-JPH-MJD ) |
| MONTEZ L. WELLS, | ) -03 ) |
| Defendant. | ) |

**ORDER**

Defendant Montez L. Wells seeks an extension of time to file his motion for relief pursuant to 28 U.S.C. § 2255 and requests that the Court advise him as to whether he fits the qualifications for a point reduction based on the new United States Sentencing Guidelines. Dkt. 1551. His motion, dkt. [1551], is **denied** as to the motion for extension of time to file a § 2255 petition, and because the Court cannot provide Mr. Wells with legal advice.

There is a one-year statute of limitations for filing a § 2255 petition. 28 U.S.C. § 2255(f). Mr. Wells states that he would "highly appreciate it if [he] could receive additional time to review [his] defense strategy." Dkt. 1551.

Section 2255 provides that:

the one-year limitation period is triggered by the latest of four events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). This limitation period can be subject to equitable tolling. *See Socha v. Boughton*, 763 F.3d 674, 681 (7th Cir. 2014); *see also Socha v. Pollard*, 621 F.3d 667, 669 (7th Cir. 2010). However, equitable tolling is "an extraordinary remedy that is rarely granted." *Mayberry v. Dittman*, 904 F.3d 525, 529 (7th Cir. 2018). "A habeas petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Ademiju v. United States*, 999 F.3d 474, 477 (7th Cir. 2021) (quoting *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016) (internal quotations omitted)). Mr. Wells has not made any arguments as why equitable tolling should apply in his motion.

    Mr. Wells' motion for an extension of time and for advice, dkt. 1551, is **denied**. The **clerk shall include** a form motion for relief pursuant to 28 U.S.C. § 2255 with Mr. Wells' copy of this Entry.

**SO ORDERED.**

Date: 5/16/2025

                                          *James Patrick Hanlon*
                                          James Patrick Hanlon
                                          United States District Judge
                                          Southern District of Indiana

Distribution:

Montez L. Wells
Reg. No. 55254-509
FCI Leavenworth
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
LEAVENWORTH, KS 66048

All Electronically Registered Counsel