UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF INDIANA

AT INDIANAPOLIS

| | |
|---|---|
| PETITIONER/DEFENDANT, | ) |
| Montez Wells, | ) |
| | ) |
| V. | ) |
| | ) Case No:1:21-cr-00193 |
| RESPONDENT/PLAINTIFF, | ) |
| United States of America | ) |

**FILED**
06/05/2025
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Kristine L. Seufert, Clerk

Memorandum in Support of Motion to Vacate
Set Aside, or Correct Sentence Pursuant to 28 U.S.C. Section 2255

Now comes PETITIONER, Montez Wells proceeding by pro se, and hereby moves this Honorable Court to vacate, set aside, or correct sentence pursuant to 28 U.S.C. Section 2255 for reasons set forth in this petition.

Section 28 U.S.C. 2255 provides:
a prisoner in custody under sentence of court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in the violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

Therefore, PETITIONER will base this motion on the following grounds

of Ineffective Assistance of Counsel:

1. Counsel was ineffective in failing to object to sentencing guideline calculations, drug quantity.
2. Counsel failed to object to criminal history, 3553(a) factors.
3. Counsel failed to object to relevant conduct contained in ("PSR") Presentence Investigation Report.

## Background

In 2021 Montez Wells along with others were charged with Conspiracy to Distribute Controlled Substances in violation of title 21 U.S.C. Section 841(a)(1) and 846. He entered a guilty plea to count 1 of the superceding indictment which charged conspiracy to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl. Under Federal Rules of Criminal Procedure 11(c)(1). Mr. Wells plea agreement resulted in a sentence of 240 months imprisonment and five years supervised release. On October 24th, judgement was entered and described the elements of the offense as "Conspiracy to Distribute 500 grams or more of methamphetamine mixture and 400 grams or more of fentanyl." (Doc # 5579 pg. 28). The plea agreement only stipulated for Conspiracy to Distribute 400 grams or more of fentanyl. At sentencing the court found PETITIONER accountable for distribution of methamphetamine (500 grams of more).

## Ineffective Assistance of Counsel

The Sixth Amendment to the U.S. Constitution guarantees criminal defendants the right to assistance of counsel during criminal proceedings. See Strickland V. Washington 466 U.S. 668, 684-85 104 S. ct 2052, 80 L Ed.2d 674 (1984). Under Strickland a cousel's performance is deficient if he "made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by The Sixth Amendment. A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for

reasonably effective representation and (2) that this deficiency prejudiced the defense. "Strickland V. Washington" two-part test applies to challenges to guilty pleas based on Ineffective Assistance of Counsel.

The right to effective representation extends, of course, to the plea-negotiation process. Lafler V. Cooper, 566 U.S. 156, 162, 132 S. ct. 1376, 182 L. Ed. 2d 398 (2012). A plea that is the product of ineffective assistance of counsel cannot be considered knowing or voluntary. United States V. Harper 934 F. 3d 524,529 (7th Cir 2019). Where a defendant is represented by counsel during the plea process, and enters his plea upon the advice of counsel the voluntariness of the plea depends on whether counsel's advice "was within the range of competence demanded of attorney's in criminal cases." Hill V. Lockhart, 474 U.S. 52,106 S. ct 366,369, 88 L. Ed. 203 (1985). To show prejudice in the guilty plea context "the defendant must show that there is a reasonable probability that, but for the counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

Pursuant to Federal Rule of Criminal Procedure 11(c)(1) plea ensures (1) that guilty plea is free of coercion; (2) defendant understands the nature of the charges against him, and (3) the defendant understands the direct consequences of the guilty plea. There are three broad reasons that may justify allowing a defendant to withdraw a guilty plea (1) defendant is innocent (2) the defendant received ineffective assistance of counsel, and (3) the plea was not knowing and voluntary.

PETITIONER will direct this Honorable Court to specific acts, and omissions of counsel, Dorie Maryan and Colleen M. Ramis that clearly demonstrates ineffective assistance of counsel based on the grounds stated below:

<u>Counsel was ineffective in failing to object to sentencing guideline calculations, drug quantity</u>

PETITIONER contends his plea agreement under Rule 11(c)(1) stipulated as to count 1 of the superceding indictment to distribution of 400 grams or more of a mixture or substance containing a detectable amount of fentanyl. Any sentencing calculation under the guidelines for methamphetamine should have been subject to objections by counsel. As the guidelines under U.S.S.G 2D1.1 for methamphetamine results in sentences greater than necessary as it relies on drug type and quantity as a measure of offense culpability.

The Sentencing Commission detailed in a report, defendants sentenced for trafficking methamphetamine receive longer sentences than those sentenced for fentanyl, heroin or cocaine, the divergence largely driven by the purity of the methamphetamine involved in the offense (<u>United States Sentencing Commission, Methamphetamine Trafficking Offenses in the Federal Criminal Justice System</u> 2,45-46,52 (June 2024). Courts have criticized this penalty structure as overly punitive and contributing to unwarranted sentencing disparities.

PETITIONER contends that this approach was well-established in plea-negotiations and at setencing. Absent, the references to 500 grams or more of methamphetamine, it is probable that Mr. Wells would have been sentenced to far less than 240 months of imprisonment. He would face a sentencing guideline range that might have been as low as 188-235 months.

In considering all of the above Mr. Wells co-conspirator, Brian McGee plead guilty to the same offense, distribution of 400 grams or more of a mixture or a substance containing a detectable amount of fentanyl and received a 10 year sentence. For Mr. Wells the mandatory minimum doubled from 10 to 20 years of imprisonment. The district court's application of "500 grams or more of methamphetamine" attributed to a guideline range of 210-293 months of imprisonment for Mr. Wells. Without this application his guideline range would have been 188-235 months, a base offense level of 32,

coupled with a criminal history of category V, plus considering the 3553(a) factors, it would have resulted in a lesser sentence.

Attorney Dorie Maryan knew about a potential challenge to these implication by the district court's "references", but failed to object, and make a reasonable decision in strategizing an effective defense. Counsel chose to pursue a plea agreement in her best interest to avoid a trial. Attorney did not file any motions in favor of the PETITIOONER at any point of this criminal complaint in his defense. "The right to effective representation extends of course to the plea-agreement process." Anderson V. United States, 94 F. 4th 564,581 (7th Cir 2024). "To prove inadequate performance, a defendant must show that counsel did not attempt to learn the facts of the case and failed to make a good faith estimate of a likely sentence." United States V. Cieslowski, 410 F. 3d 353,358-59 (7th Cir 2005).

When the court incorrectly entered a judgement describing the "Nature of the Offense" as Conspiracy to Distribute 500 grams or more of methamphetamine mixture. Counsel was deficient by not objecting to these references, in that at sentencing the court found PETITIONER accountable for distributing methamphetamine subjecting him to a higher guideline range that called for a 20 year sentence (see sentencing transcripts pg. 28 Doc # 5579).

Under the circumstances that Mr. Wells received an attorney that performed unprofessionally in several respects. PETITIONER without the representation of counsel withdrew from his plea of guilty due to the references to "500 grams or more" that was attributed to him. This error had prejudiced him in that the court accepted his change of plea, an indication of an error. United States V. Harper, 934 F. 3rd 524 (7th Cir 2019) "After accepting a defendant's guilty plea, but before sentencing, the court may allow the defendant to withdraw his plea if he shows a fair and just reason to withdraw."

Rule 11(c)(1) stands on three broad reasons that may justify allowing a defendant to withdraw a guilty plea (1) defendant is innocent (2) the defendant received ineffective assistance of counsel, and (3) the plea was not knowing and voluntary. This confirms that one or more of the above reasons is significant in PETITIONER'S case. Not just a clerical error. Overall, Rule 11(c)(1) cannot be "knowing and voluntary" if it resulted from ineffective assistance of counsel. PETITIONER was not properly advised he would be held accountable for the distribution of meth. In addition he clearly demonstrates he was prejudiced by this application that was not part of his plea agreement. Counsel made no attempt to correct this substantial error.
("An attorney's failure to object to an error in the court's guidelines calculation that results in a longer sentence for the defendant can demonstrate constitutionally ineffective performance.") Ramirez V. United States, 799 F. #rd 845,855 (7th Cir 2015).

In sum, Mr. Wells attorney should be rendered ineffective in failing to timely object to the court's use of an incorrect sentencing guidelines calculation and in part of the court applying an erroneously high advisory sentencing range and also because the court imposed a sentence on count 1 that was above the high end of the correct guideline range.

### Criminal History

At sentencing the court noted Mr. Wells criminal history, characteristics including juvenile offenses for which the sentencing guidelines do not assess for criminal history points. Even though the court relied on those offenses in given a lengthy sentence. (Doc # 5579) The court also cited the 18 U.S.C. 3553(a) factors as a basis to warrant a sentence of 240 months imprisonment. Counsel failed to investigate and undertake at least some inquiry into his prior convictions to determine whether they were suitable for criminal history points under 3553(a) factors to trigger a twenty year sentence.

## Relevant Conduct

Mr. Wells counsel at sentencing failed to object to relevant conduct in calculating the sentencing guideline range in which the relevant conduct of "possession of a firearm" and "making a credible threat to use violence" was not the subject of the offense to which the defendant plead guilty as to count 1. PETITIONER'S guilty plea should fail into the scope of not knowing, voluntarily, or intelligently. As the record indicating his counsel made no attempt to file any motions or make any strategic defenses, and with his lack of knowledge of the law, PETITIONER was coerced into pleading guilty.

## Conclusion

Like all other criminal defendants, Mr. Wells has a Sixth Amendment right to effective assistance of counsel. In this case counsel's representation "fell below an objective standard for reasonableness." Strickland 688,104 S. ct. at 2064. If not for counsel's unprofessional errors, PETITIONER would have proceeded to trial for a possibility of an acquittal. At the change of plea hearing, the court had been made aware of an error, references to "500 grams or more of meth", if it would have inquired further it likely would have applied the correct offense level calculation. Defense counsel's failure to catch this error and make a timely objection substantially affected PETITIONER'S Sixth Amendment rights as well as the fairness and integrity of the proceedings as counsel conceded during the post-sentencing phase that the "500 grams or more of meth" were attributed to MR. Wells ("Ex. A"). Molina-Martinez V. United States, 578 U.S. 189,200, 136 S. ct. 1338 194 L. Ed. 2d 444 (2016). ("When a defendant shows that the district court used an incorrect range, he should not be barred from relief on appeal simply because there is no other evidence that the sentencing outcome would have been different had the correct range been used.") ("In most cases a defendant who has shown that the district court mistakenly deemed applicable an incorrect, higher

<u>Certificate of Service</u>

The undersigned certifies that a true and correct copy of the foregoing petition was mailed on this 23rd day of May 2025 to the following address below:

Clerk, United States District Court for the Southern District of Indiana

Room 105

46 East Ohio Street

Indianapolis, IN 46204

_____
Montez Wells

Montez Wells #55254-509

F.C.I. Leavenworth

P.O. Box 1000

Leavenworth, KS 66048

guideline range has demonstrated a reasonable probability of a different outcome"). For the above reasons, PETITIONER respectfully prays that this Honorable Court grants this motion and conduct an evidentiary hearing into this matter pursuant to 28 U.S.C. 2255.

Respectfully Submitted,

*Montez Wells*

Montez Wells

#55254-509

EXIBIT A

Judge James Patrick Hanlow          Case No: 1:21-cr-0193-JPH-DLP-0:

## Petition for appointment of new counsel

I, Montez Wells, am respectfully writing the courts in regards to ineffective counsel issues. I have been incarcerated for a period of ten months and still have not been given a chance to view my full discovery; Therefore, hadn't had adequate opportunity to even muster any kind of defense against any accussations. At this time, in my proceedings, it is imperative to have representation that I can trust and believe in to have my best interest at hand. I do not wish to proceed any further with said counsel, Dorie Maryan. I feel that I am being pressured and manipulated by my own attorney who has failed to stay up to date with event[al] situations pertaining to my case. Listed below are some supporting reasons:

1) Ms. Maryan and I had a meeting on 4-8-22, where she stated that everyone on the case was going to be superseded but only because of another person being added, nothing to do with additional charges. Infact, she wasn't even aware that I was facing these new charges until I informed her.

2) Ms. Maryan, also sent me a waiver to waive my appearance to the superseding hearing while trying to convince me that it didn't pertain to me.

3) Ms. Maryan, wants me to plead guilty to all offenses in indictment even though there are some inconsistent discrepancies.

4) On countless occassions, I've asked my attorney to talk to the prosecutor about certain plea concerns, possible negotiations,

I am denied by Ms. Maryan without her even presenting any of my requests to the prosecution.

5) It seems that the conversations Ms. Maryan and I have just go around in circles with no justice in sight.

Also, I attended a hearing on 4-12-22 and stated my concern on the record, in front of a magistrate judge that I would like new counsel due to trust issues.

It is my understanding that the 5th Amendment protects a right of Due Process. I believe this to say, that I should be aware of all evidence collected against me and I have the right to view all said evidence in order to prepare a defense. Yet, I'm being pressured into signing a plea before seeing a full discovery.

I ask that the courts please appoint different counsel in order to move forward in this case.

Respectfully Submitted,
Montez Wells

RECEIVED
SEP 06 2022
U.S. PROBATION OFFICE
INDIANAPOLIS

8/31/2022

Judge Hanlon,

    I Montez Wells am writing this letter to you in regards to retracting my guilty plea, based on ineffective counsel and basically being coerced and manipulated into signing said plea. I only signed that plea, the day my lawyer brought it to me because she advised me if I didn't accept the offer, I would face additional charges and more enhancements.

    I believe my counsel has been ineffective in representing me for the reasons as follows.

- Not correcting incorrect information in the pre-sentence report.
- Not challenging prosecutors evidence
- Not advocating for me after I voiced concern about the misinformation
- Not argueing circumstances that could have led to the removal of enhancement points or a conviction on lesser charges.
- Failing to challenge the sufficiency of the evidence.
- For providing erroneous and faulty legal advice.

    I've admitted my guilt and participation role; However, the plea states charges of dealing/selling methamphetamines. I've voiced on several occassions that I don't want to admitt to such dealings, I don't use that substance nor have I ever sold it. I asked my attorney about this discrepency and she said it's a matter to be addressed at a later time with no other ~~strateurgy~~ strategy.

    I hope you find my arguement/point-of-view

Case 1:21-cr-00193-JPH-MJD    Document 1585    Filed 06/05/25    Page 13 of 20 PageID #: 11818
Case 1:21-cr-00193-JPH-MG    Document 932 (Ex Parte)    Filed 09/07/22    Page 2 of 3
PageID #: 3992

of ineffective counsel valid and also see that it shows a great amount to a fundamental miscarriage of justice and a deficient performance by my attorney.

In addition, to wanting to withdraw my plea, I wish to reserve my rights to appeal and to be able to talk on my behalf about these faulty meth charges and other concerns.

Respectfully,
Montez Wells

Case 1:21-cr-00193-JPH-MJD   Document 1585   Filed 06/05/25   Page 14 of 20 PageID #: 11819
Case 1:21-cr-00193-JPH-MG   Document 963 (Ex Parte)   Filed 10/13/22   Page 1 of 3 PageID #: 4117

EXHIBIT A

1:21-cr-193-JPH-DLP-3

Your Honor,

    I Montez Wells am writing this letter to you in regards to a concern that I've raised on several occassions with my previous attorney, who has recently withdrawn from my case due to me raising the claim of ineffective counsel. In my previous letter to the courts, I pointed out an error/descrepency in my indictment that accuses me of being involved in the sales of methamphetamine and once again, I have to deny such accussations. I have viewed my discovery and asked my attorney several times to produce evidence that supports the governments accussations, and nothing has been provided.

    For the record, once again I have to state that I was coerced in signing my plea by my previous attorney, being told this issue was to be argued at a later time in these proceedings. I'm not trying to deny responsibility of my role/actions but at the same time, I'm not trying to accept more credit than what I'm responsible for.

    Please help prevent a miscarriage of justice from taking place and see that there is no evidence that supports the states accussations. If this matter can't be resolved by viewing evidence and reading facts, I would like to request a

hearing to gather all evidence against me so that I may be able to dispute/challenge all accussations of me and any kind of meth dealings.

Respectfully,
Montez Wells

Exhibit A



# FEDERAL PUBLIC DEFENDER
## CENTRAL DISTRICT OF ILLINOIS

June 14, 2023

Montez L. Wells
Reg. No. 555254-509
FCI Gilmer
P.O. Box 6000
Glenville, West Virginia 26351

Re:   United States v. Montez L. Wells
      Southern District of Indiana, 1:21-CR-00193
      Seventh Circuit Court of Appeals Case No. 22-3020

Dear Montez:

As we have discussed, I have now received all of the documents necessary for me to evaluate your appeal and would like to convey my opinions to you concerning your case.

There are essentially two critical stages to every federal criminal case in the district court: conviction and sentencing. At the conviction or guilt phase, the question is whether you committed the crimes in question. You may go to trial or plead guilty. In your case, you pled guilty. Thus, regarding any issues related to your conviction, in order to preserve issues for appeal, you must explicitly reserve the right to appeal that issue in writing. This was not done in your case.

Furthermore, I do not see any issue which could have been preserved for appellate review anyway. Such issues would consist of motions to suppress evidence, motions to dismiss the indictment, etc. The only question concerning the guilt phase of your case would be whether your guilty plea was entered into knowingly and voluntarily.

In other words, in order for your guilty plea to be valid, the district court judge must comply with Federal Rule of Criminal Procedure 11. This rule requires Judge Hanlon to inform you of a number of things prior to taking your guilty plea, including the elements of the offense, the maximum and minimum penalties, the fact that your sentence will be determined by the United States Sentencing Guidelines, and that a

| FEDERAL PUBLIC DEFENDER | ASSISTANT DEFENDERS | | OFFICES: | 401 Main St., Ste 1500 | 600 E. Adams St., 3rd Fl. |
|---|---|---|---|---|---|
| Thomas W. Patton | Rosie Brown | Karl Bryning | | Peoria, IL 61602 | Springfield, IL 62701 |
| | Johanna Christiansen | Jessica Douglas | | (309) 671-7891 | (217) 492-5070 |
| | Thomas Drysdale | Terry Frederick | | (309) 671-7898 (fax) | (217) 492-5077 (fax) |
| | Jennifer Hart | Peter Henderson | | | |
| | Daniel Hillis | Colleen Ramais | | 1515 4th Ave., Ste 201 | 300 W. Main Street |
| | Robert Scherschligt | | | Rock Island, IL 61201 | Urbana, IL 61801 |
| | | | | (309) 948-7190 | (217) 373-0666 |
| | | Website: https://ilc.fd.org | | (309) 788-0856 (fax) | (217) 373-0667 (fax) |

sentence outside of the guidelines is possible. In addition, the court must inform you that you have a number of trial rights you will give up by pleading guilty.

In your case, I have reviewed the transcript of your change of plea hearing and the district court judge substantially complied with the requirements of Rule 11. Moreover, based on the language of your plea agreement alone, it appears as if you were informed of all your rights prior to pleading guilty. Even if there were a basis for withdrawing your plea of guilty, we would simply be placed back at the indictment stage of the proceedings. I do not see how you could benefit from this.

Moving next to your sentence, the issues we can raise on appeal are usually governed by the objections made to the calculations contained in the Presentence Investigation Report ("PSR"). If an objection was not made in the district court, we cannot ordinarily raise the issue for the first time on appeal successfully. In your case, there were no objections raised to the PSR and I did not find any that could have been raised. I know that you believe that the prosecutor could not prove that you were involved in any trafficking of methamphetamine. As we have discussed, however, because you stipulated in your plea agreement that you distributed a pound of meth, there was nothing further the government needed to do. The fact that you were told that the meth would fall off at sentencing was just plain wrong - that's not how sentencing works in the federal system. This would, therefore, be best raised as an argument that your attorney was ineffective because you got incorrect legal advice.

Finally, I considered whether your overall sentence was reasonable. I know your sentence seems unreasonable because you asked for a much lower sentence. However, I have to evaluate the statements the district court judge made when imposing your sentence and determine whether those statements were adequate enough to support the sentence under the factors listed in § 3553(a). My review of the sentencing hearing transcript reveals that the district court judge considered the factors listed § 3553(a) and considered the arguments made by you and your attorney at sentencing.

The Court of Appeals has held that a sentence within the guidelines range is entitled to a presumption of reasonableness. Your 240-month sentence was close to the low end of the guidelines range. Therefore, your sentence is presumptively reasonable unless we can prove that it is not reasonable. I do not see any grounds in your case to argue the sentence is unreasonable. While I may personally believe another sentence would be reasonable, the Court of Appeals looks to whether the actual sentence you received is reasonable. Therefore, I do not believe there is a basis for challenging your sentence on appeal. Moreover, you waived your right to appeal, and that waiver will be enforced as long as your plea was knowing and voluntary. There is nothing in the record that

suggests that your plea was not knowing and voluntary, and your lawyer did not move to withdraw your plea, even after you had done so yourself.

As we have also discussed, your judgment said that you pleaded guilty to conspiracy to distribute both meth and fentanyl. However, your guilty plea said you conspired to distribute 400 g. or more of fentanyl - the elements of the offense you pled guilty to don't include any mention of 500 g. or more of meth. Therefore, your judgment does not accurately reflect your guilty plea. I reached out to the prosecutor on your case, who agreed to a joint motion to remedy this error. The Court of Appeals has now granted that motion but has not remanded your case. A copy of their order is enclosed with this letter. Therefore, your appeal is still active, and your conviction and sentence remain undisturbed.

At this point, therefore, I recommend that you voluntarily dismiss your appeal. Please understand that I do not make this recommendation lightly. It is the seriousness of the recommendation which has prompted me to write you this detailed letter. A voluntary dismissal will end your direct appeal. However, you would still retain the right to file a § 2255 petition alleging that your counsel was ineffective. Based on the record before me, however, there is simply no evidence in the record to suggest this. Therefore, you would have to present some new evidence along with the § 2255 petition such as testimony or an affidavit from your previous attorney. I am enclosing a § 2255 petition as well, so you can see what needs to be done there. This petition can only be filed in the district court once your direct appeal is over.

If you agree with me concerning the voluntary dismissal of your appeal, please sign the enclosed Acknowledgment and Consent form and return it to me in the enclosed self-addressed stamped envelope. I will then file it along with a motion to voluntarily dismiss your appeal in the Court of Appeals.

I am, of course, more than willing to discuss your case with you further and wish to answer all your questions before you make a decision. Should you ultimately decide that you do not wish to voluntarily dismiss your appeal, and my opinion remains unchanged, I would then file a Motion to Withdraw as your attorney along with what is commonly called an *Anders* brief. That brief will essentially state in more formal terms what I have set forth in this letter.

In other words, I will inform the Court of my reasons why I believe you have no issues to present on appeal. The Court will give you an opportunity to file your own response to my motion should you disagree with what I state in the *Anders* brief.

3

If the Court agrees with me, it will allow me to withdraw as your attorney and then dismiss your appeal. Your direct appeal would then be over. Alternatively, the Court could ask me to brief a specific issue or ask another attorney to do so.

Please consider the contents of this letter very carefully and contact me if you have any questions about your case. However, please let me know what you decide as soon as possible so that I will know far in advance of the brief's due date what you intend to do.

Sincerely,

Colleen M. Ramais
Assistant Federal Public Defender



Judge James Patrick Hanlon
46 E Ohio St
Indianapolis, IN 46204

†z Wells #55254505
Leavenworth
ox 100
worth, Kansas 66048

FILED
JUN 05 2025
STRICT COURT
POLIS, INDIANA